UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
"IN ADMIRALTY"

CASE NO:

RPM DIESEL ENGINE COMPANY,
a Florida Profit Corporation,

  Plaintiff,

vs

M/Y *"LIQUID ASSETS,"* a 72'
Pershing manufactured vessel, her boats, engines,
tackle, equipment, apparel, furnishings, freights,
appurtenances, and all fixtures and other
necessaries there unto appertaining and
belonging to the vessel, *in rem;* and

HARVEY HERNANDEZ, *in personam*,

_____/

## VERIFIED COMPLAINT

  Plaintiff, RPM DIESEL ENGINE COMPANY, (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, files this Complaint against Motor Yacht *"LIQUID ASSETS,"* a 72' Pershing manufactured motorized yacht, her boats, engines, tackle, equipment, apparel, furnishings, freights, appurtenances, and all fixtures and other necessaries there unto appertaining and belonging to the vessel (hereinafter referred to as "Defendant Vessel"), *in rem.*, and Defendant Vessel's Owner, HARVEY HERNANDEZ (hereinafter referred to as "Defendant Vessel's Owner"), *in personam* and alleges:

### VENUE AND JURISDICTION

  1. This cause of action is under Admiralty and Maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within the jurisdiction of this

Court pursuant to 28 U.S.C. §1333.

2. Venue is proper as Defendant Vessel is located within the jurisdiction of this Court, the repairs were performed by Plaintiff in the State of Florida and the Parties agreed to Florida as the exclusive venue for any disagreements that arise of the written agreement between the Parties.

## PARTIES

3. Plaintiff is a Florida Profit Corporation with its principal place of business located at 2555 State Road 84, Ft. Lauderdale, FL 33312.

4. Defendant Vessel is and will remain within the Southern District of Florida during the pendency of her arrest.

5. Defendant Vessel's Owner, upon information and belief, resides at 14 N.E. 1st Avenue, Penthouse, Miami, FL 33132.

## GENERAL ALLEGATIONS

6. Pursuant to the various Work Orders and an Authorization To Start Repairs executed by the Defendant Vessel's Owner on May 20, 2019, as well as verbal agreements, Defendant Vessel's Owner is obligated, *in personam*, to pay any amounts not determined to be maritime liens against Defendant Vessel, *in rem*, including but not limited to: interest, collection costs, contractual attorney fees, and court costs. *See* Work Orders and Authorization To Start Repairs attached hereto as "Exhibit A."

7. Plaintiff completed the necessary services rendered to Defendant Vessel, and billed Defendant Vessel's Owner accordingly. *See* Invoices attached hereto as "Exhibit B."

8. The amounts charged by Plaintiff for services rendered were reasonable.

9. Despite repeated demand, Defendant Vessel's Owner has failed to pay for the services provided and interest continues to accrue, *per diem*.

10. Plaintiff has required the assistance of legal counsel and has retained the undersigned to take legal action to recover the outstanding debt and is entitled to recover fees for same under the terms of the agreement with Defendant Vessel's Owner.

11. Defendant Vessel and Defendant Vessel's Owner owes Plaintiff Six Thousand Nine Hundred Twelve Dollars and Forty-Two Cents ($6,912.42), exclusive of contractual interest, legal fees, and the costs associated with this action.

## COUNT I - CLAIM FOR FORECLOSURE OF MARITIME NECESSARIES LIEN AGAINST DEFENDANT VESSEL

12. Plaintiff re-alleges paragraphs 1 through 11, as alleged herein.

13. Pursuant to 46 U.S. Code § 31342, Plaintiff retains a necessaries lien against Defendant Vessel for the supplied repairs at the request of an authorized agent for Defendant Vessel.

14. Plaintiff now seeks to foreclose on its secured necessaries liens against Defendant Vessel in this action.

WHEREFORE Plaintiff, RPM DIESEL ENGINE COMPANY, respectfully requests the following relief:

a. Process issue against Defendant Vessel, her engines, tackle, apparel, and other appurtenances, *in rem*;

b. All persons having or claiming an interest therein be required to appear and answer the aforesaid matters;

c. Plaintiff be decreed to have a lien upon Defendant Vessel as described herein, and that said lien be foreclosed in accordance with law and that Defendant Vessel be condemned and sold in payment of the outstanding amount due, in addition to all other sums owed, and that Plaintiff be permitted to bid the amount of its lien at the

        sale of Defendant Vessel;

d.     This Court further award Plaintiff the total amount due, attorney's fees, prejudgment interest, court costs, and that Plaintiff be permitted to recover same from Defendant Vessel, *in rem*, and any non-maritime amounts from Defendant Vessel's Owner, *in personam;* and

e.     Any further relief that this Honorable Court deems just and proper.

**COUNT II - BREACH OF CONTRACT AGAINST DEFENDANT VESSEL'S OWNER AND AUTHORIZED AGENT**

15.     Plaintiff re-alleges paragraphs 1 through 11, as alleged herein.

16.     Plaintiff entered a written agreement with Defendant Vessel's Owner and Authorized Agent to render necessary services to Defendant Vessel, in the form of repairs.

17.     Plaintiff rendered the services to Defendant Vessel, at the request of Defendant Vessel's Owner and Authorized Agent of same, and Defendant Vessel's Owner or Authorized Agent was billed for same.

18.     Defendant Vessel's Owner and Authorized Agent have failed to satisfy the outstanding balance due and Plaintiff has been damaged.

WHEREFORE Plaintiff hereby demands judgement for breach of contract against Defendant Vessel's Owner and Authorized Agent for breach of contract, and for any further relief that this Honorable Court deems just and proper.

**COUNT III - UNJUST ENRICHMENT AGAINST DEFENDANT VESSEL's OWNER AND AUTHORIZED AGENT**

19.     Plaintiff re-alleges paragraphs 1 through 11, as alleged herein.

20.     Plaintiff conferred a benefit to Defendant Vessel's Owner and Authorized Agent by supplying said services and parts to Defendant Vessel at the request of Defendant Vessel's

Owner and Authorized Agent of same.

21. Defendant Vessel's Owner and Authorized Agent were conferred a benefit as a result of the services and parts rendered by Plaintiff.

22. Defendant Vessel's Owner and Authorized Agent have knowledge and acceptance of the benefit conveyed by Plaintiff.

23. Defendant Vessel's Owner and Authorized Agent failed to remit payment in full for the services and parts rendered by Plaintiff and it would be inequitable for Defendants to retain the benefit without paying fair value for same and Plaintiff has been damaged.

WHEREFORE Plaintiff demands Judgment against Defendant Vessel's Owner and Authorized Agent for unjust enrichment plus costs, attorney's fees, and for any further relief that this Honorable Court deems just and proper.

Respectfully submitted,

/s/ Adam M. Ludwin
Adam M. Ludwin, Esq.
Florida Bar No: 101742
Ludwin Law Group, P.A.
85 S.E. 4th Avenue, Suite 108
Delray Beach, FL 33483
Office Phone: (561) 455-4455
Primary Email: adam@ludwinlaw.com
Secondary Email: taneika@ludwinlaw.com